UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No 4:17-CV-2412-SPM |
| ) | |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Deputy Commissioner for Operations, ) | |
| Social Security Administration ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter is before the court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 22). On March 27, 2018, this Court entered final judgment reversing and remanding this case to the Commissioner of Social Security for further action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19). Plaintiff is therefore the prevailing party and is entitled to attorney's fees under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Plaintiff seeks attorney's fees in the amount of $5,750.74, which represents 26.6 hours worked by attorney David D. Camp and 0.6 hours worked by attorney Erica L. Nuyen in 2017 at a rate of 197.62 per hour, as well as 1.8 hours worked by attorney David D. Camp and 0.1 hours worked by attorney Erica L. Nuyen in 2018 at a rate of 197.62 per hour. In support of his request, Plaintiff submitted an itemized statement of the time spent by Plaintiff's attorneys in the

1

proceedings before this Court, as well as evidence supporting the hourly rate charged. Defendant does not contest the total fee request, the hourly rate, or the number of hours itemized in the statement provided by Plaintiff's attorney.

Plaintiff has signed an affidavit assigning his interest in an EAJA fee award to his attorneys. However, Plaintiff acknowledges that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), an award of attorney's fees under the EAJA belongs to Plaintiff and is "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." Thus, Plaintiff requests that should payment of an EAJA fee not be used to satisfy an outstanding debt, the fee be made payable to Plaintiff's attorneys. If Plaintiff owes an outstanding debt to the United States and such debt is subject to offset, Defendant shall offset the debt and issue the remainder (if any) of the EAJA award to Plaintiff. Plaintiff requests that under either circumstance, the Court should order Defendant to mail the EAJA payment to Plaintiff's attorneys' address, pursuant to the fee agreement signed by Plaintiff.

Upon review of Plaintiff's motion and Defendant's response, the Court finds the agreed-upon fees and Plaintiff's requested terms of payment to be reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded EAJA attorney's fees in the amount of $5,750.74, subject to offset for any pre-existing debt Plaintiff owes to the United States. If the EAJA fee award is offset by pre-existing debt, Defendant is directed to pay any remaining balance of the EAJA fee award directly to Plaintiff and to mail the payment to Plaintiff's attorneys' address. If

the EAJA fee award is not offset by pre-existing debt, Defendant is directed to pay the EAJA fee award directly to Plaintiff's attorneys and to mail the payment to Plaintiff's attorneys' address.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of April, 2018.